### *DAVID JONES v. LUDLOW, ASSIGNEE.

1. WHEN PROCEEDINGS TO COMPEL ALLOWANCE OF A JUDGMENT IS NOT A BAR TO SUIT ON THE NOTES UPON WHICH THE JUDGMENT WAS TAKEN.

One partner owning four firm notes assigned them to a bank to secure a judgment against himself. After an assignment by the firm, the bank sued the assignee of the firm for an allowance of the claim, setting up the notes as four causes of action and the judgment as a fifth, and the court found that the assignment was made by the firm and not by the partners and that the judgment against one partner could not, therefore, be allowed as a claim. The bank then transferred the notes to J., who brought suit to compel the assignee of the firm to allow them as a valid claim, who plead the former adjudication in bar. It was held that the former judgment is not a bar to the prosecution of this suit. That was to compel the allowance by the assignee of a claim on a judgment to which his assignors, the firm, was not a party, and for which the firm was in no way bound. This suit is for the allowance by such assignee of a claim on four notes made by such firm, and on which it was liable.

2. ALLOWANCE OF CLAIM BY AN ASSIGNMENT DOES NOT DETERMINE PRIORITY.

The claim on such notes should be allowed by the assignee, even if it be conceded that the present holder stands in the shoes of the member of such firm, who assigned the notes to the bank, and if he were still the owner of them, might not be entitled to receive a dividend thereon until all of the other creditors of such firm had been fully paid. The mere allowance of a claim by the assignee does not settle the question as to the order in which the debts of the partnership are to be paid. This is to be determined in the first instance by the court having the distribution of the assets of such partnership, in accordance with the rights of the parties under settled principles of law and equity.

3. QUESTION OF PRIORITY NOT DETERMINED.

These notes having been transferred by the partner to the bank before their maturity, and for a valuable consideration, the question whether the holder thereof is not entitled, for this reason, to stand on an equality with the other unsecured creditors of the firm, is not now before the court, and is not decided.

Appeal from the Court of Common Pleas of Hamilton county.

SMITH, J.

The question submitted to us is, whether the plaintiff on the evidence adduced, is entitled to an order or judgment requiring the defendant as assignee, to allow in the settlement of his trusts, four notes held by the plaintiff against the firm of Harris, Hunt & Co., assignors.

The admitted facts in the case are these:

The firm of Harris, Hunt & Co., was composed of C. M. Harris and T. E. Hunt. At the time of the assignment to A. S. Ludlow, Harris, one of the partners, had by purchase became the owner of these four obligations of the firm. Shortly after the assignment, he indorsed and delivered them to The Union National Bank of this city, as security for a judgment held by the bank against another firm of which Harris was also a member, time being given for the payment of such judgment as a consideration for the transfer. After the assignment of

---

*This case in the supreme court was dismissed by consent of all parties, at cost of plaintiff, 1 Legal News, 216.

Harris, Hunt & Co. to Mr. Ludlow, the bank presented to him; as such assignee, sundry claims against the firm for allowance; four of them were on notes of the firm, which were allowed by the assignee, the fifth was this judgment rendered against the other firm of which, Harris was a member, but on which the firm of Harris, Hunt & Co. was not liable.    This last claim was rejected by the assignee, and a suit was brought in the court of common pleas, No. 71,197, to compel him to allow it.   The original petition was filed Aug. 29, 1884, and the claim thereby made undoubtedly was for the allowance of the claim of this judgment, no mention whatever being made of the notes held by the bank as security therefor.

But for some cause this petition was afterwards amended, and it is upon the form and structure of this amended pleading that the principal question in this case, that is whether it is *res judicata,* arises.

The amendment filed, in express terms made the original petition, and all of its allegations, a part of it, and then, "as a first cause of action," it alleges that it is the owner and holder of a note of the firm, describing it, and on which it is averred a certain amount is due.   "And for a second cause of action" it sets out its ownership of a second note, and the amount due thereon, and so for the third and fourth cause of action.

For a fifth cause of action it avers the recovery of the judgment against the other firm of which Harris was a member, for $3,503.25, and, except a small payment thereon, that the whole thereof is due, stating the amount, bearing interest from a day named.   That in order to secure the payment of this judgment the four notes before described, had been deposited with the bank as security.   That they had presented their claim on this judgment to the assignee for allowance, and that he had rejected the same, and the petition sets out *in haec verba* the language in which the claim thereon had been presented, and a judgment was prayed "that said assignee, defendant, allow its said claim against the estate in trust, for the full amount thereof, as appears in the proof thereof filed with him, and by him rejected, and as shown in this pleading."   The answer of the assignee was a general denial.

On a trial of the case on this issue, the judgment, so far as it is necessary to state it, was in this form:

"Upon consideration of all which the court finds that said deed of assignment was an assignment only of the firm of Harris, Hunt & Co., and of its assets alone; that it was not an assignment of the individual members of said firm, or of the separate assets of said individuals composing the same, and by virtue thereof said assignee is the assignee of said firm alone and of its assets, and is not the assignee of the individual members thereof, or of their assets.   The court further finds that the claim set forth in the pleadings of plaintiff is upon a judgment against one of the individual members of said firm, and because said assignee is not the assignee of said individual member, but of the firm only, the said judgment claim should not be allowed in these proceedings.   Wherefore it is considered by the court that this action be and the same is hereby dismissed"

Was this a bar to the successful prosecution of this suit?   We are of the opinion that the claim of the bank asserted in the first action, was for the allowance of the judgment as a claim against the assignment, and not on the notes which it held as security therefor, although it must be conceded that the allegations as to their being five causes of action in the petition, is well calculated to raise a doubt as to this, and the reason  for any such allegations are not apparent. But on a careful consideration of the original amended petition, and of the claim which was presented to the assignee, which is incorporated into and made part of the petition, we think that the action was not to compel the allowance of the notes.   The claim so presented simply sets up the judgment, and avers that the bank holds the four notes as security, and is willing to turn them over to any person on payment of the judgment, and asks for no allowance of the notes.

But in addition to this, there is a finding by the court in the first case in which the defendant Ludlow, and the assignor of the plaintiff were parties, that the claim set forth in the pleadings of plaintiff was on the judgment, and not on the claims held as security therefor, and this is a binding adjudication against both.   And it is further apparent from the judgment itself, that this was the sole ground of the decision of the court; for if the claims to be allowed were predicated upon the notes, the judgment of the court was utterly inconsistent with itself.   And to hold that the judgment in that case should operate to defeat the claim in this, would be manifestly unjust, and should not be allowed, unless it is clear that it must be done.   But such is not the case.

If this action is not barred, we see no legal reason why the assignee should not allow these claims. It is admitted that they are just claims, and owing by the firm of Harris, Hunt & Co. They were purchased from the owner by Harris, who before their maturity transferred them to the bank, and the plaintiff is the legal owner thereof. Even if they were transferred after their maturity, or if Harris now held them, and was asking for their allowance as valid claims, we think the assignee should allow them, and the question would then remain for determination in the proper court, whether the holder of them, simply standing in the shoes of Harris, a member of the firm, and liable for all of its debts, could be entitled to any dividend until all of the other creditors of the partnership were fully paid. We suppose it probable that he would not be. But this does not prevent him from having his claim allowed, if it is a just one. But in this case, the notes having been transferred before maturity, a wholly different result might follow, and it may be that the holder of negotiable paper transferred to him before maturity, and for a good consideration, though with knowledge of the insolvency of the makers, and their assignment for the benefit of creditors, would be entitled to a dividend with other creditors. But this question is not before us, and can only be settled in the probate court, on the distribution of the assets of the partnership. All we decide is that the claim is a valid one, and that the plaintiff is entitled to its allowance by the assignee.

A. B. Champion, for plaintiff.

Lowry Jackson, for defendant.